IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARL C. PATTON,                )
                               )
        Plaintiff,             )
                               )
vs.                            )   Case No. CV 04-TMP-1322-S
                               )
MICHAEL CULVER, et al.,        )
                               )
        Defendants.            )

### MEMORANDUM OPINION

This cause is before the court on the defendants' application for an order substituting the United States of America as the defendant in Counts 2, 3, 4, and 5 of the plaintiff's complaint, and the defendants' motion to dismiss or for summary judgment or, in the alternative, for a more definite statement. Plaintiff has not opposed the motion for substitution, but has filed a response to the motion to dismiss or for summary judgment. Oral argument was heard on October 21, 2004. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Accordingly, the court enters this memorandum opinion granting the application for substitution, granting the

motion for summary judgment in part, and granting the motion for a more definite statement.[1]

## PROCEDURAL HISTORY

On March 26, 2004, the plaintiff filed a complaint in the Circuit Court of Jefferson County, Alabama, asserting claims against Michael Culver, individually and in his official capacity as a security guard employed by the United States Veterans Administration Hospital in Birmingham, Alabama, ("Veterans Hospital") and against several fictitious defendants.[2] Plaintiff asserts a claim based on 42 U.S.C. § 1983 (Count 1), and state-law claims of invasion of privacy (Count 2), assault and battery (Count 3), false imprisonment (Count 4), defamation (Count 5), and intentional infliction of emotional distress (Count 6).

The complaint arises from the plaintiff's arrest on March 27, 2002, by Michael Culver, who was working as a federal police officer for the Veterans Hospital. The plaintiff alleges that Culver's actions violated state law, and also deprived him of his

---

[1] Because the parties have submitted evidence in support of the motion to dismiss or for summary judgment which must be considered in order to resolve the issues presented, the court construes it to be a motion for summary judgment.

[2] The pleading of causes of action against fictitious defendants, while permitted in the state courts of Alabama, has no force or effect in federal court.

federal constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments.

On June 24, 2004, the defendants removed this action to federal court, asserting that federal jurisdiction is proper because the United States Department of Veterans Affairs,[3] as Culver's employer, is a defendant to the action. The plaintiff has not opposed the removal. By order dated July 2, 2004, plaintiff was given 20 days in which to file a response to the motion for substitution. Plaintiff did not file any response.

Also on June 24, 2004, the defendants filed an application for an order substituting the United States as defendant in Counts 2, 3, 4, and 5 of the complaint, asserting that those state-law claims are subject to the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(1) ("FTCA"), which provides that a suit against the United States is the exclusive remedy available for those asserting common-law tort claims based upon negligent or wrongful conduct by a federal employee acting within the scope of his or her employment. The application was accompanied by a certification stating that defendant Culver was acting "within the scope of his employment as an employee of the United States" at the time of the incident made the basis of the complaint.

---

[3] Although the notice of removal states that Culver was an employee of the Department of Housing and Urban Development, later pleadings indicate that Culver was employed by the Department of Veterans Affairs.

On August 10, 2004, the defendants filed a motion to dismiss or for summary judgment and, in the alternative, for a more definite statement. The motion was supported by an evidentiary submission. By order dated August 17, plaintiff was given a deadline to respond. After seeking and receiving an extension on that deadline, plaintiff filed a response on September 13, 2004, supported by an evidentiary submission. Defendants filed a reply on September 15, 2004. Oral argument was heard on October 21, 2004.

As grounds for the motions, defendants state that:

A.  Pursuant to 28 U.S.C. § 2679(d), the United States is the sole proper defendant to be sued for the state-law tort claims set forth in the complaint;

B.  The state-law claims are due to be dismissed because plaintiff failed to file an administrative claim as required by 28 U.S.C. § 2675 prior to the filing of the complaint commencing this action;

C.  The § 1983 claim is due to be dismissed because the conduct complained of does not involve any action taken "under color of state law."

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

4

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest

5

on his pleadings. <u>Celotex</u>, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Id</u>. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id</u>. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Id</u>. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id</u>. at 251-52; <u>see also</u> <u>Bill Johnson's Restaurants, Inc. v. N.L.R.B.</u>, 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that

6

there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989).  Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).  Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255.  The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

**FACTS**

Viewing the facts in the light most favorable to the plaintiff as the non-moving party, the court accepts the following as true:

On March 27, 2002, Carl C. Patton went to the Veterans Hospital for a regular check-up related to his diabetes. He was treated by Dr. Mason. Mason gave plaintiff a medical records folder and instructed him to go to the laboratory to have blood samples taken. The plaintiff told Mason that he intended to meet with the hospital administrator to discuss the "inadequate care" provided at the Veterans Hospital.

After plaintiff left Mason's office, he realized he had not been given a "lab slip" to facilitate the blood tests, and so he returned to Mason's office to get the "lab slip." Plaintiff obtained the "lab slip," and then proceeded down the hall. Without warning, defendant Culver forced the plaintiff into the wall, grabbed plaintiff's wrists, twisted his arms behind his back, and handcuffed him. Plaintiff was bleeding and bruised. Culver took plaintiff to the emergency room of the Veterans Hospital for treatment for his injured wrist. Plaintiff began to feel faint in the emergency room, and asked the nurse to test his blood glucose level. Culver intervened, prevented the nurse from administering the blood glucose test, and told the nurse plaintiff was under arrest.

Culver then turned plaintiff over to a police officer working for the City of Birmingham. Plaintiff was taken to the City Jail,

and was incarcerated on a charge of disorderly conduct until he paid a bond later in the day.

The conduct complained of occurred at the Veterans Hospital, which is federal property. At the time of the incident, Culver was an employee of the United States Department of Veterans Affairs and was acting within the scope of his employment as a federal police officer.

## DISCUSSION

### A. Proper Defendant

Defendants seek to substitute the United States as the defendant in those claims set forth in Counts 2, 3, 4, 5, and 6 of the complaint. As defendants note, 28 U.S.C. § 2679[4] requires that the district court substitute the United States as a party defendant in place of an individual federal employee being sued for a common-law tort claim. The plaintiff does not dispute that the United States is the only proper defendant to be sued for the

---

[4] In pertinent part, § 2679(b)(1) provides that the "remedy against the United States" provided by the FTCA for personal injury "arising from the negligent or wrongful act or omission of any employee while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim. ... Any other civil action ... is precluded without regard to when the act or omission occurred."

state-law claims asserted in the complaint. Moreover, the burden of proving that a federal employee acted outside the scope of his employment as required to warrant denial of such substitution lies with the plaintiff. Flohr v. Mackovjak, 84 F.3d 386, 389 (11th Cir. 1996). The Eleventh Circuit Court of Appeals has stated that the district court is "*required* to substitute the United States" as a defendant for the individual employee once the United States Attorney has certified that the employee's actions occurred in the scope of the federal employment. Matsushita Electric Co. v. Zeigler, 158 F.3d 1167, 1169 (11th Cir. 1998). In this case, the United States Attorney has certified that Culver's actions were within the scope of his employment as a federal police officer working at the Veterans Hospital. Accordingly, the application to substitute the United States as a defendant in those counts is due to be granted.

### B.  Federal Tort Claims Act Prerequisites

The defendants assert that the claims set forth in Counts 2, 3, 4, 5, and 6 of the complaint are barred because the plaintiff has failed to comply with the requirements of 28 U.S.C. § 2675(a). In order to state a claim under the FTCA, a plaintiff must first present notice of his or her claim to the appropriate federal agency in order to enable the federal agency to investigate the

claim. 28 U.S.C. § 2675(a). The notice must be sufficient to put the Government on notice of the nature of the tort claim and to enable the Government to investigate, and it must state a sum certain as to the value of the claim. See <u>Orlando Helicopter Airways v. United States</u>, 75 F. 3d 622, 625 (11th Cir. 1996). In this case, the Government has supplied the declaration of Mary E. Barrett, regional counsel for the Department of Veterans Affairs, who asserts that she has searched the files and records of the Department and has determined that plaintiff has not filed any claim form related to the incident described in the complaint. Plaintiff's response to the defendant's motion for summary judgment and supporting evidence concedes that plaintiff did not file a claim as required by 28 U.S.C. § 2675(a). (Plaintiff's response, p. 4). Accordingly, plaintiff's tort claims against the United States, the only defendant, are "forever barred" because they were not properly submitted to the Department of Veterans Affairs. 28 U.S.C. § 2401(b). Plaintiff seeks that the court dismiss the tort claims without prejudice in order for the plaintiff to properly pursue those claims. The court agrees that these claims are due to be dismissed without prejudice.

### C. Section 1983 Claims

Defendants further assert that the plaintiff's § 1983 claims are barred because Culver was acting as a federal police officer on federal property, and therefore none of his actions were taken "under color of state law." Plaintiff argues that Culver acted "in concert with state officials" to violate his constitutional rights. At oral argument, the parties agreed that the complaint could conceivably state a claim for a violation of plaintiff's constitutional rights pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), although the complaint, as drafted, does not adequately state such a claim. Consequently, the motion to dismiss or for summary judgment on the § 1983 claim against Culver is due to be denied, but the motion for a more definite statement is due to be granted.

### CONCLUSION

Defendants' motion for substitution (court document #4) is due to be GRANTED. Defendants' motion for summary judgment (court document #7) also is due to be GRANTED IN PART as to plaintiff's state-law claims. The motion is due to be DENIED as to the constitutional claims, but the plaintiff is DIRECTED to file an

amended complaint, providing a more definite statement of any such constitutional claim or claims.

A separate order will be entered in accordance with this memorandum opinion.

DATED this 26th day of October, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

13